**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ALBERT BEVERLY,

                     Plaintiff,

    - v -                                     Civ. No. 1:13-CV-081
                                                                       (NAM/RFT)

VILLAGE OF MENANDS, CHIEF MICHAEL
E. O'BRIEN, SERGEANT FRANK LACOSSE,
*in his official and individual capacities*,
OFFICER MICHAEL D'AMBRO,
*in his official and individual capacities*, OFFICER ED
BARNES, *in his official and individual capacities*,
OFFICER UNKNOWN # 1, *in his official and individual
capacities*, MAYOR MEG GRENIER, *Mayor of
Menands, in her official and individual capacities*,
OFFICER AARON ST. GELAIS, *in his official and
individual capacities*,

                     Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Presently before the Court are Defendants' Motion to strike Beverly's Complaint and/or to dismiss his action, pursuant to Federal Rules of Civil Procedure 16(f)(1), 37(b)(2), 37(d)(1)(A), 41, and this District's Local Rule 41.2(b). Dkt. Nos. 67 and 69.[1] Beverly has not registered any oppositions to the Defendants' Motions.

---

[1] Because of the nature of the litigations and the claims alleged by Beverly, there are two sets of Defendants represented by independent counsel. Under these circumstances, the Village of Menands stands alone as a Defendant and represented by a separate counsel from the individual

(continued...)

## I. LITIGATION HISTORY

On January 23, 2013, *pro se* Plaintiff, Albert Beverly, filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his rights under Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitutions as well as New York common law causes of action sounding in malicious prosecution, abuse of process, false arrest and imprisonment, assault and battery, conspiracy, negligent and intentional infliction of emotion distress, and negligence. *See generally* Dkt. No. 1, Compl. The Defendants' previous Motion to Dismiss was granted in part and denied in part by the Honorable Norman A. Mordue, Senior United States District Judge. Dkt. No. 17, Mem.-Dec. & Order, dated Mar. 5, 2014. Because of the numerous causes of action with various underlying theories, in granting in part and denying in part Defendants' Motion, Judge Mordue allowed the *Monell* claim against

---

[1](...continued)
Defendants, O'Brien, Lacosse, Ambro, Barnes, Grenier, and Gelais who are categorized together and represented by the same law firm.

The Village of Menands' Motion is comprised of the following: Notice of Motion (Dkt. No. 67), Derek L. Hayden, Esq., Affidavit., dated July 22, 2015 (Dkt. No. 67-1), Exhibits A through H (Dkt. No. 67-2), and a Memorandum of Law, dated July 22, 2015 (Dkt. No. 67-3).

The collective individual Defendants' Motion is comprised of the following: Notice of Motion, (Dkt. No. 69), William C. Firth, Esq., Affidavit, dated July 23, 2015 (Dkt. No. 69-1), Exhibits A through F (Dkt. No. 69-2 to 69-7), and a Memorandum of Law, dated July 23, 2015 (Dkt. No. 69-8).

For all intents and purposes, the Village of Menands' and the collective individual Defendants' Motions are virtually identical.

the Village of Menands, only certain "intentional" acts as they may pertain to the § 1983 actions against certain individual Defendants, the intentional arrest and confinement, malicious prosecution, assault and battery, and intentional infliction of emotional distress causes of action to survive. *See generally* Mem.-Dec. & Order.

On July 17, 2014, the Court issued the Uniform Pretrial Scheduling Order (UPSO), setting, *inter alia*, the discovery deadline at May 8, 2015. In the interim, Beverly advised the Court that he had been incarcerated once again, Dkt. No. 31, Pl.'s Lt.-Mot., dated Nov. 7, 2014, causing the Court to direct that the service of all correspondence and documents be forwarded to the Rensselaer County Corrections Facility to his attention. Because Defendants claimed that Beverly's responses to their Demands for Production and Interrogatories were inadequate, a telephone Hearing was held on the record with the expectation of resolving those discovery issues. Dkt. No. 42, Text Order, dated Dec. 5, 2014. During the December 11, 2014 Hearing, the Court rendered several Rulings which had a bearing on Beverly's responses to the various discovery demands. Dkt. No. 43, Text Order, dated Dec. 11, 2014. For the most part, Beverly was directed to supplement his responses. Among the various Rulings, the Court directed Beverly that upon his release from jail, he must apprise the Court and his adversaries of his new address and telephone number so that depositions could be scheduled. *Id*.

Notwithstanding the Court's Rulings regarding discovery, contentious discovery issues persisted. In particular, the Court had directed Beverly to execute unrestricted medical authorizations to which Beverly willingly agreed. Despite the parties' agreement and the Court's Ruling, Beverly ignored both the Court instructions and directions and placed restrictions into the medical authorizations. Responding to Beverly's unwillingness to comply with his agreement and the Court's Order, the Court wrote that "[it] will not tolerate Beverly's intransigence and will not allow him to continuously ignore the Court's previous Orders." Dkt. No. 47, Order, dated Mar. 2, 2015, at p. 3. To get Beverly's attention, the Court stated this final admonition:

> **YOUR FAILURE TO ABIDE BY THE RULES OF DISCOVERY AND THIS COURT'S ORDERS WILL LEAD TO SANCTIONS THAT MY INCLUDE DISMISSAL OF YOUR CLAIM**.

*Id*.

Subsequently, Beverly raised discovery issues, Dkt. No. 55, which the Court addressed by convening another telephone conference, Dkt. No. 59. Based upon the nature of the issues raised during this telephonic Hearing, the Court issued a Discovery and Scheduling Order and a separate Discovery Order. Dkt. Nos. 60, Disc. & Scheduling Order, dated Apr. 27, 2015, & 61, Disc. Order, dated Apr. 27, 2015. The former Discovery and Scheduling Order extended the discovery deadline to July 10, 2015, in order to allow the parties ample time to complete depositions and discovery,

Dkt. No. 60 at pp. 2-3, while the latter directed Beverly to respond to Defendants' Demand "forthwith, but no later than May 15, 2015," Dkt. No. 61.

Several months had passed when the Court heard from the Defendants seeking permission to file the present Motions, Dkt. No. 64, Vill. Def.' Lt.-Mot., dated July 10, 2015, which the Court granted on July 13, 2015, Dkt. No. 66, Text Order. The Defendants advised the Court that on April 8, 2015, Beverly was provided with a notice that his deposition would occur on April 24, 2015, at the Albany County Correction Facility (ACCF). ACCF was Beverly's last known address at that time. *See* Dkt. Notice, dated Apr. 28, 2015. However, when the Attorneys went to ACCF to depose Beverly, they were informed that he had been transported to Rensselaer County Court for a court appearance. For this principle reason, the Court extended the discovery deadline to July 10, 2015. *See* Dkt. No. 61. Defendants' Counsel avers that on May 21, 2015, they received a supplement response to their Demands for Interrogatories in which Beverly objected to disclosing the names of witness and refused to specify the basis for his claims. In the interim, Defendants learned that Beverly had been released from ACCF on June 3, 2015, but he failed to notify either them or the Court of his change in address. By a Letter, dated June 15, 2015, which was forwarded to his permanent residence in Troy, Defendants notified Beverly that his deposition would occur on July 9, 2015, in Room 410 of the James T. Foley

-5-

Courthouse, 445 Broadway, Albany, New York. *See generally* Dkt. Nos. 67-1, Derek Hayden, Esq. Aff., dated July 22, 2015, & 69-1, William Firth, Jr. Esq., Aff., dated July 23, 2015.

On July 9, 2015, Defendants' Attorneys appeared for the deposition and waited an additional thirty (30) minutes for Beverly to appear. Obviously, he failed to appear. And, with the discovery deadline slated to expire on July 10, 2015, discovery came to an abrupt end without completion of the material aspects of discovery. Based upon Beverly's commissions and omissions, Defendants argue that Beverly has consistently ignored the Court's Orders and final warning, failed to appear for a deposition on two occasions, and failed to provide meaningful discovery, all of which has generated significant prejudice to them. And, for these reasons, Defendants seek to strike Beverly's Complaint and dismiss his action. *See generally* Hayden Aff. and Firth Aff.

Furthermore, the Defendants indicate that they served their Motions upon Beverly at 467 Fifth Avenue, Troy, New York, his apparent permanent residence. Dkt. Nos. 68, & 70, Certs. of Serv. There is no indication that the service of these Motions were returned undeliverable. On August 21, 2015, the Court issued a Text Order staying the filing of dispositive motions until a decision is rendered on these pending Motions. Dkt. No. 74, Text Order. The Clerk of the Court mailed a copy of this Text Order to Beverly and there is no indication that service of that Order was returned

*-6-*

undeliverable. The return date for this Motion is September 3, 3015, but this Court has not received any correspondence or responses to Defendants' Motions.

## II. APPLICABLE LAW

FED. R. CIV. P. 16(f)(1)(B) and (C) allows a court to issue an order imposing those sanctions that are listed in Rule 37(b)(2(A)(i)-(vii) when a party fails to obey a scheduling or pretrial order and/or is substantially unprepared to participate in good faith in scheduled conferences. Additionally, Rule 37(b)(1) states that, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the

Federal Rules of Civil Procedure] or a court order[.]"² FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, the Court must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's

---

² Essentially, this District's Local Rules bestows authority upon a judge to dismiss an action on the grounds that a party has failed to prosecute, abide by court orders, or notify the court of a change in address. N.D.N.Y.L.R. 40.2.

Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

### III. ANALYSIS

After reviewing Defendants' Motions and the entire Docket Report, the Court finds that Beverly has exhibited an apparent unwillingness to participate in this litigation. The Court's Scheduling Order as well as subsequent Orders were clear as to what would constitute adequate notice with regard to Beverly's deposition, and what would be the consequence if he failed to cooperate and participate not only in discovery but his deposition as well. And, in accordance with those parameters, Defendants twice provided clear notice to Beverly as to when his deposition would occur. There is no indication that Beverly did not receive proper notice of his scheduled depositions, and yet, he failed to contact the Defendants' attorneys to alert them as to any difficulty he faced in appearing, thus causing Defendants to incur

unnecessary costs.

The record indicates that Beverly has been obstinate in complying with discovery generally. Even after being instructed, he refused to follow the Court's Order regarding the execution of medical authorizations. Beverly was directed to adequately respond to mandatory disclosure and Defendants' Demands for Production and Interrogatories, and still he refused to respond appropriately. Beverly was directed to keep his adversaries and the Court abreast of his constantly changing addresses, which he did on a few occasions, but after June 2015, he has not. Defendants served appropriate notices at his last known address and there has not been any indication that the address was in error or that Beverly did not receive the deposition notices of these Motions.

Throughout this litigation Beverly has failed to abide by the Court's Orders in good faith. This Court alerted Beverly that if he failed to comply with discovery he would be subject to sanction that may include dismissal of his claims. By not participating in any reasonable manner or measure in discovery, and considering that the extended discovery deadline has expired, Defendants have been prejudiced by Beverly's truculent and irresponsible approach to discovery. In extending special solicitude to this *pro se* litigant, while balancing the Court's interest in managing the Case Docket, an extended period of time was granted to the parties for the very

purpose of completing discovery and in particular depositions. Apparently such gesture was meaningless and led to no real benefit in advancing the discovery process.

The Court has not received any correspondence or responses from Beverly in a considerable while. Indeed, it appears to this Court that Beverly has abandoned his pursuit of this action. Juxtaposed to Defendants' Complaint about his *lassiez faire* attitude to responding to their discovery demands, it appears that Beverly did not avail himself of all of the discovery tools at his disposal in order to obtain information from Defendants. Beverly has patently ignored the Court's Orders directing him to participate in good faith in discovery and in his deposition. The Court has provided ample warnings to Beverly. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Beverly's charges without the benefit of having his testimony recorded before trial and we will not direct Defendants to incur any further unnecessary costs associated with an action that Beverly ostensibly, given his failure to defend against the Motions, has no desire to litigate. Given Beverly's behavior and inattention to the Court's Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motions, Dkt. No. 67 and 69, be **grante**d and this action **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 4, 2015
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge